Opinion filed December 11, 2014



In The

# Eleventh Court of Appeals

_____

## No. 11-14-00094-CR

_____

## KODY DOUGLAS TAYLOR, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 42nd District Court**
**Taylor County, Texas**
**Trial Court Cause No. 25441A**

## M E M O R A N D U M   O P I N I O N

Kody Douglas Taylor entered an open plea of guilty to the state jail felony offense of possession of methamphetamine. After a presentence investigation report was prepared, the trial court convicted Appellant, and it assessed his punishment at confinement in the State Jail Division of the Texas Department of Criminal Justice for a term of two years. We dismiss the appeal.

Appellant's court-appointed counsel has filed a motion to withdraw. The motion is supported by a brief in which counsel professionally and conscientiously

examines the record and applicable law and concludes that the appeal is frivolous. Counsel has provided Appellant with a copy of the motion to withdraw, the brief, and a motion for pro se access to the record, and counsel has advised Appellant of his right to review the record and file a response to counsel's brief.[1] Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969); and *Eaden v. State*, 161 S.W.3d 173 (Tex. App.—Eastland 2005, no pet.).

Appellant has filed a pro se response to counsel's motion to withdraw and supporting brief.[2] He contends that his trial counsel rendered ineffective assistance. In addressing an *Anders* brief and pro se response, a court of appeals may only determine (1) that the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no reversible error or (2) that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues. *Schulman*, 252 S.W.3d at 409; *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and we agree that the appeal is without merit and should be dismissed. *Schulman*, 252 S.W.3d at 409. We note that, with respect to allegations of

---

[1]Counsel has also provided Appellant with a copy of the reporter's record and the clerk's record in this appeal.

[2]We initially granted Appellant thirty days in which to exercise his right to file a response to counsel's brief. Appellant filed a pro se motion to extend the time to file a response. We granted the motion and ordered that the response was due on or before November 10, 2014. Appellant filed his pro se response on November 7, 2014.

ineffective assistance of counsel, the record on direct appeal is generally undeveloped and rarely sufficient to overcome the presumption that trial counsel rendered effective assistance. *See Thompson v. State*, 9 S.W.3d 808, 813–14 (Tex. Crim. App. 1999). Appellant acknowledges in his response that his ineffective-assistance claims involve matters that are "outside of [the] record." He states that "non-frivolous issues exist outside the clerk's record and outside the reporter's record."

We note that counsel has the responsibility to advise Appellant that he may file a petition for discretionary review with the clerk of the Texas Court of Criminal Appeals seeking review by that court. TEX. R. APP. P. 48.4 ("In criminal cases, the attorney representing the defendant on appeal shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review under Rule 68."). Likewise, this court advises Appellant that he may file a petition for discretionary review pursuant to TEX. R. APP. P. 68.

The motion to withdraw is granted, and the appeal is dismissed.

PER CURIAM

December 11, 2014

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.